**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO GASPAR-JUAN, | No. 11-71985 |
| Petitioner, | Agency No. A098-212-097 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

On March 25, 2015, the court granted the respondent's unopposed motion to stay proceedings. On April 13, 2015, the respondent informed the court that Pedro Gaspar-Juan is not a candidate for prosecutorial discretion, and requested that this case move forward. The stay of proceedings is hereby lifted.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Gaspar-Juan, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies in the record regarding whether gang members physically harmed Gaspar-Juan. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Pal v. INS*, 204 F.3d 935, 939-40 (inconsistency between testimony and application regarding injuries petitioner received went to heart of claim). The agency reasonably rejected Gaspar-Juan's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Gaspar-Juan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Gaspar-Juan does not challenge the BIA's determination that he

waived appeal of the IJ's denial of CAT relief.  *See Martinez-Serrano v. INS*, 94

F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a

party's opening brief are waived).  Thus, we deny the petition as to his CAT claim.

**PETITION FOR REVIEW DENIED.**